CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 0 5 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EARL DOUGLAS FIELDS, | ) | |
| Petitioner, | ) | Civil Action No. 7:06-cv-00701 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE M. JOHNSON, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Petitioner Earl Douglas Fields, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Fields challenges his confinement pursuant the judgment of the Circuit Court for Augusta County, convicting him on two counts of conspiracy to deliver marijuana to a prisoner. The court filed the petition conditionally, notified Fields that it appeared to be untimely, and granted him an opportunity to provide additional information on timeliness. Upon review of the record, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to § 2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

I.

After conduct of a jury trial, Fields was convicted in the Circuit Court of August County on December 28, 1999, of two counts of conspiring to deliver marijuana to a prisoner. The court sentenced him on May 24, 2000, to ten years of imprisonment on each count. Fields' appeal was denied by a three-judge panel of the Court of Appeals of Virginia in December 2000. His subsequent appeal to the Supreme Court of Virginia was denied on March 2, 2001, because it was not properly perfected. On February 27, 2002, Fields filed a habeas corpus petition, alleging ineffective assistance by appellate counsel. The disposition of this petition is not clear, but on April 30, 2003, the Supreme Court of Virginia granted Fields a new appeal from the judgment rendered against him in December 2000 by the court of appeals. This belated appeal was unsuccessful, his subsequent appeal to the Supreme Court of Virginia was denied on December

1

9, 2003, and his petition for rehearing was denied on January 30, 2004. Appellate counsel wrote to Fields on December 22, 2003, advising him that the appeal had been denied. Counsel asked Fields to advise him whether he wished to pursue a petition for a writ of certiorari in the United States Supreme Court, stating:

> It is very unlikely the U. S. Supreme Court will agree to hear your petition but I will file it if you wish. However, the longer we continue with your direct appeal, the longer it will be before you can resume [your] habeas appeal. I continue to believe your strongest argument is for ineffective assistance of counsel.

Fields elected to file a petition for a writ of certiorari in the United States Supreme, which was denied on October 4, 2004. On October 2, 2005, Fields filed a petition for a writ of habeas corpus; the state court dismissed this petition as untimely filed under Virginia Code Ann. § 8.01-654(A)(2). Fields subsequently filed motions for reconsideration of the denial of his habeas petition, but these motions were denied. Fields signed and dated this federal habeas petition on November 24, 2006.

II.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an

2

untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Under Subsection A, petitioner's filing time is based on the date when his convictions became final. A conviction becomes final once the availability of appeal is exhausted, the time for filing a petition for writ of certiorari in the United States Supreme Court has expired, or the Supreme Court has denied certiorari from the highest state court's denial on direct appeal. See United States v. Clay, 537 U.S. 522 (2003). The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. § 2244(d)(2). This court considers a prisoner's habeas corpus petition to be filed on the date when he delivers his petition to prison authorities for mailing to the court. See Houston v. Lack, 487 U.S. 266 (1989).

Equitable tolling of the filing period is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

III.

Under these principles, Fields' conviction became final for purposes of § 2244(d)(1)(A) on October 4, 2004, when his opportunities for direct review ended with the United States Supreme Court's denial of his petition for a writ of certiorari. At that point, his one-year period to file a § 2254 petition began to run; the period expired on October 4, 2005. Fields filed a state habeas petition within the one-year filing period, on October 2, 2005. That petition, however, was dismissed as untimely under state law. As it was thus not "properly filed" under state law, its pendency did not toll the federal filing period. Pace, 544 U.S. at 413. Fields did not submit

3

this federal petition until November 2006, well after his one-year filing period expired on October 4, 2005. Thus, under § 2244(d)(1)(A), Fields' federal petition was untimely filed.

Fields makes several arguments that his petition should, nevertheless, be addressed on the merits. He asserts that his appellate counsel advised him that he could not file a habeas petition in state court until after the United States Supreme Court had addressed his petition for a writ of certiorari, that the state statute of limitations for habeas petitions should not have barred his petition because his attorney's bad advice left him with no reasonable opportunity to enforce his habeas rights, that he did not know the facts necessary for his habeas claims until after certiorari was denied, and that prison transfers and mail procedures delayed his submission of the federal petition in 2006. These arguments offer no explanation of the nearly one-year delay between denial of certiorari in October 2004 and Fields' filing of his state habeas petition in October 2005. Moreover, the facts necessary for Fields' habeas claims of ineffective assistance at trial were known to him immediately after trial. Furthermore, counsel's alleged errors in calculating the federal habeas filing period are not sufficient to warrant equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000). Thus, the court finds no ground here on which Fields' petition falls under any of the other subsections of § 2244(d)(1) and no "extraordinary circumstance" on which equitable tolling is warranted.

Finally, Fields argues that he is actually innocent of the crimes for which he was convicted. Neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit have held that actual innocence is a ground for equitable tolling of the § 2244(d)(1) limitations period. At a minimum, to state a claim of actual innocence sufficient to excuse procedural default, a petitioner must show "it is more likely than not that no reasonable juror would have convicted him" of the underlying crime if jurors had received specific, reliable evidence not presented at trial. Bousley v. United States, 523 U.S. 614, 623 (1998), citing Schlup v. Delo, 513 U.S. 298, 327 (1995). Petitioner must present new, reliable evidence that was not presented at trial; such evidence typically consists of "exculpatory scientific evidence,

4

trustworthy eyewitness accounts, or critical physical evidence." Schlup, 513 U.S. at 324. In this context, "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339, (1992). Moreover, this court finds that a claim of actual innocence is an insufficient circumstance to warrant equitably tolling the statute of limitations without a showing that a petitioner has discovered new facts that could not have been found with reasonable diligence before the time for filing had ended. Fields does not explain the grounds on which he asserts actual innocence and offers no new evidence not known to him within the statutory filing period. Thus, the court finds no colorable claim of actual innocence arising from any of the claims in his petition so as to invoke equitable tolling.

IV.

In conclusion, the court finds that Fields did not file his federal petition within one year of the date on which his state convictions became final upon the completion of direct review on October 4, 2004. He fails to demonstrate that his filing period should be calculated from any other date, and none of his subsequent filings in state court tolled the statute of limitations so as to render the federal petition timely. Finally, Fields does not demonstrate any ground warranting equitable tolling of the limitation period. Therefore, the court finds the petition to be untimely filed and summarily dismisses it, pursuant to Rule 4 of the Rules Governing § 2254 Proceedings. An appropriate order shall be entered this day. As the petition is untimely, the court cannot find that appointment of counsel is warranted in this case.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell,

5

537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 5th day of January, 2007.

James C. Turk
Senior United States District Judge

6

Case 7:06-cv-00701-JCT-mfu   Document 8   Filed 01/05/07   Page 6 of 6   Pageid#: 105